IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERT P. HYATT,<br>7335 Tara Avenue,<br>Las Vegas, NV 89117<br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES PATENT<br>AND TRADEMARK OFFICE,<br>600 Dulany Street,<br>Alexandria, VA 22314<br>       Defendant. | Civil Action No. 18-234 |

**COMPLAINT**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the unlawful withholding of a single email message by the U.S. Patent and Trademark Office ("PTO"). The email message was sent by one PTO patent examiner to another using PTO's email system in response to a prior work-related email and concerns a patent applicant, Plaintiff Gilbert P. Hyatt, whose patent applications the two examiners are responsible for examining. Nonetheless, the PTO denied Mr. Hyatt's request for production of this email message, on the unbelievable ground that it is not an "agency record" at all.

2. Accordingly, the Plaintiff respectfully requests that the Court "examine the contents of [the email message] in camera to determine whether such records or any part thereof shall be withheld," placing "the burden on the agency to sustain its action" denying production of the email message at issue, and then enjoin the PTO from withholding the record and order its production. 5 U.S.C. § 552(a)(4)(B).

3. Should the Court find that the Plaintiff is entitled to production of the email message, the Plaintiff additionally requests that the Court issue a statutory finding that the PTO's withholding of this record "raise[s] questions whether agency personnel acted

arbitrarily or capriciously with respect to the withholding" and therefore warrants investigation by Special Counsel pursuant to 5 U.S.C. § 552(a)(4)(F).

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (2012).

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

6. Plaintiff Gilbert P. Hyatt is an engineer, scientist, and inventor who has obtained more than 70 patents and has numerous patent applications pending before the PTO.

7. Defendant U.S. Patent and Trademark Office is a federal agency within the meaning of 5 U.S.C. § 552.

## Facts

8. Mr. Hyatt has been locked in a decades-long battle with the PTO over its decision in the 1990s to cease issuing him patents to which he is entitled and its ensuing bad-faith handling of his applications, including the PTO's admitted stalling on examining his applications for nearly a decade.

9. Mr. Hyatt is the plaintiff in four pending actions against the PTO before the U.S. District Court for the District of Columbia (Hon. Royce Lamberth) for issuance of patents pursuant to 35 U.S.C. § 145. *Hyatt v. Matal*, Nos. 09-cv-1864, 09-cv-1869, 09-cv-1872, and 05-cv-2310.

10. After the conclusion of summary judgment proceedings in those actions, the PTO asserted the affirmative defense of prosecution laches, arguing that "unreasonable delay" by Mr. Hyatt cut off his entitlement to issuance of patents.

11. In response, Mr. Hyatt sought and obtained discovery regarding the PTO's handling of his applications, intending to demonstrate that the PTO's bad-faith handling of his applications amounted to "unclean hands" that precluded the PTO from asserting prosecution laches.

12. In response to Mr. Hyatt's discovery requests, the PTO produced a March 10, 2016 email by Walter Briney (the "Briney Email"), a patent examiner working on Mr. Hyatt's applications. Ex. 1 at 2–3.[1] The Briney Email is addressed to all members of the PTO's "Hyatt Unit," a PTO division established to examine Mr. Hyatt's patent applications, concerns Mr. Hyatt's 1975 divorce, and shares a link to a salacious 1993 newspaper article concerning that divorce. Mr. Briney stated to his colleagues in the Hyatt Unit that the article "provides a unique glimpse into Hyatt's mind…."

13. On September 28, 2017, Mr. Briney stated in sworn deposition testimony that he shared the article with his fellow examiners because it "relate[s] to examination within PTO policy" of Mr. Hyatt's patent applications and described how it related to his and the Hyatt Unit's examination of Mr. Hyatt's patent applications.

14. In his sworn deposition testimony, Mr. Briney also stated that he had received a response to the Briney Email from another Hyatt Unit examiner, Hien Dieu Thi Khuu, who goes by the name "Cindy" (the "Khuu Email").

15. Although the PTO did produce the Briney Email in response to Mr. Hyatt's document requests, it did not produce the Khuu Email.

16. Although the PTO had promised to identify to Mr. Hyatt any responsive documents that it was withholding from production in discovery, the PTO did not identify the Khuu Email. The first Mr. Hyatt learned of its existence was during Mr. Briney's deposition testimony.

17. Immediately following Mr. Briney's deposition, counsel for the PTO agreed to produce the Khuu Email if it could be located.

18. The next day, in an email message, counsel for the PTO stated that PTO would not produce the Khuu Email, without identifying any basis in law for withholding it.

---

[1] Initially subject by default to a blanket protective order for materials produced in discovery, the Briney Email is now a part of the public record. It was recited in its entirety in Mr. Briney's unprotected deposition, attached as an exhibit to that deposition, and shown in its entirety in open court on October 6, 2017, as part of Mr. Hyatt's opening statement.

19. On October 4, 2017, Mr. Hyatt moved the Court to compel production of the Khuu Email.

20. On October 5, 2017, the PTO opposed Mr. Hyatt's motion. PTO's Opposition did not assert any privilege with respect to the Khuu Email, arguing only that it was outside of the scope of discovery authorized by the Court.

21. PTO's Opposition characterizes the Khuu Email as "An e-mail between two USPTO examiners reflecting their mental impressions in the context of Mr. Hyatt's divorce litigation."

22. PTO's Opposition did not dispute Mr. Hyatt's surmise that the Khuu Email (like the email from Mr. Briney to which it was sent in response) likely demonstrates bias against Mr. Hyatt, arguing instead that such evidence of bias was not relevant to PTO's prosecution laches defense.

23. The Court granted partial judgment to Mr. Hyatt on PTO's prosecution laches defense at the close of PTO's case, obviating the need for Mr. Hyatt to show the PTO's "unclean hands" and obviating the need for the Court to decide Mr. Hyatt's motion to compel.

24. On October 30, 2017, counsel for Mr. Hyatt informally requested that the PTO produce the Khuu Email voluntarily so as to avoid the expense and hassle of a FOIA request. Ex. 1 at 2.

25. The PTO did not respond to Mr. Hyatt's informal request.

26. On November 6, 2017, Mr. Hyatt filed a FOIA request for the Khuu Email. Ex. 1 (the "FOIA Request"). The FOIA Request stated that Mr. Hyatt authorized and would pay costs not to exceed $250. The FOIA Request further stated: "Given the limited nature of this request and our prior attempts to obtain Ms. Khuu's email, we intend to enforce all statutory deadlines and seek attorney's fees authorized by statute if the PTO does not timely produce Ms. Khuu's email in response to this request."

27. On November 9, 2017, the PTO acknowledged receipt of the FOIA Request. Ex. 2.

28.     On December 7, 2017, the PTO denied the FOIA Request (the "Denial"). Ex. 3. The Denial stated that the PTO "has reviewed the requested record," conceding that it possesses the Khuu Email. The Denial stated that the Khuu Email "is not an agency record and so there is no agency record responsive to your request." It contained no additional reasoning or explanation for denying the FOIA Request.

29.     On December 13, 2017, Mr. Hyatt appealed the denial of the FOIA Request. Ex. 4.

30.     On December 26, 2017, the PTO wrote to acknowledge its receipt of Mr. Hyatt's appeal. Ex. 5.

31.     On January 19, 2018, the PTO denied Mr. Hyatt's appeal (the "Appeal Denial"). Ex. 6. The Appeal Denial conceded that the Khuu Email "was created by an Agency employee and is located within the Agency's email system" and that its sender "may not have had an expectation of privacy" in emails sent through the PTO's email system. But it concluded that the Khuu Email was not an agency record subject to FOIA because "it was not used…in conducting official Agency business." The Appeal Denial states that it is the PTO's final decision and is subject to judicial review.

32.     The PTO has never asserted that the Khuu Email is privileged or otherwise subject to any of the FOIA exemptions contained in 5 U.S.C. § 552(b).

33.     Having produced the Briney Email, the PTO has no legitimate basis to withhold the Khuu Email.

## Claim for Relief

34.     The above paragraphs are hereby incorporated by reference as if set forth fully herein.

35.     The Khuu Email is an agency record.

36.     The Khuu email is not subject to any of the exemptions of 5 U.S.C. § 552(b), and the PTO has forfeited any contention to the contrary.

37.    Mr. Hyatt has exhausted the applicable administrative remedies with respect to the FOIA Request.

38.    The PTO's failure to produce the Khuu Email violates Mr. Hyatt's right to production of that record under FOIA, 5 U.S.C. § 552(a)(3)(A).

### Requested Relief

Plaintiff Gilbert P. Hyatt respectfully requests that this Court:

A.  Order the PTO to disclose the Khuu Email to Mr. Hyatt;

B.  Award Mr. Hyatt his costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

C.  Issue a written finding pursuant to 5 U.S.C. § 552(a)(4)(F)(i) that the circumstances surrounding the PTO's withholding of the Khuu Email raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding; and

D.  Grant such other relief as the Court may deem just and proper.

Dated: February 1, 2018

Respectfully submitted,

 /s/ Andrew M. Grossman
Andrew M. Grossman (D.C. Bar No. 985166)
Paul M. Levine (D.C. Bar No. 999320)
Baker & Hostetler LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1697
agrossman@bakerlaw.com

*Attorneys for Plaintiff Gilbert P. Hyatt*